**SO ORDERED.**

**SIGNED this 27 day of March, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

JOHN WILLIAM STEWART

Case No.  08-30485

Debtor

**MEMORANDUM AND ORDER**

This contested matter came on for hearing on March 26, 2008, on the Motion by Chapter 13 Trustee to Dismiss Case With Prejudice (Motion to Dismiss) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on March 17, 2008, requesting dismissal of the Debtor's Chapter 13 bankruptcy case with a one-year refiling bar.  The Motion is grounded upon multiple prior bankruptcy filings by the Debtor and the Chapter 13 Trustee's belief, based upon communications with a representative of Consumer Credit Counseling Service, that the Certificate of Counseling filed by the Debtor on February 7, 2008, bearing Certificate Number:  02114-tne-cc-012790021, purportedly signed electronically on January 25, 2008, by a counselor with Consumer Credit

Counseling Service of Greater Atlanta, Inc., certifying the Debtor's compliance with the credit counseling briefing requirements of 11 U.S.C. § 109(h)(1), is "forged." The Motion to Dismiss containing a notice of the March 26, 2008 hearing was served on the Debtor. The Debtor did not appear.

From the record, the court makes the following findings:

1. The Voluntary Petition commencing this Chapter 13 bankruptcy case was filed by the Debtor, *pro se*, on February 7, 2008.

2. The present case represents the fifth Chapter 13 filing by the Debtor since November 2004. The previous filings are as follows: Case No. 04-36238 filed November 26, 2004, and dismissed on February 4, 2005, on the objections to confirmation filed by Deutche Bank National Trust Company, the Internal Revenue Service, First Tennessee Bank, and the Chapter 13 Trustee; Case No. 06-30710 filed April 7, 2006, and dismissed on May 31, 2006, on the Trustee's certification that the Debtor failed to make payments within thirty days of filing; Case No. 07-31357 filed on April 27, 2007, and dismissed on June 6, 2007, on the Trustee's certification that the Debtor did not make a payment within thirty days of filing; and Case No. 07-33037 filed on September 17, 2007, and dismissed on October 24, 2007, on the Trustee's certification that the Debtor did not make a payment within thirty days of filing. The Debtor was represented by counsel in the first two cases, 04-36238 and 06-30710, and filed the present case and cases 07-31357 and 07-33037, *pro se*.

3. Notwithstanding that the Debtor filed his proposed Chapter 13 plan in the present case contemporaneously with the filing of his Voluntary Petition on February 7, 2008, he did not make a plan payment to the Chapter 13 Trustee within the thirty days required by 11 U.S.C. § 1326(a)(1) and the court's February 12, 2008 Order directing the timely commencement of plan payments.

4. The Chapter 13 Trustee's dismissal Motion is accompanied by a memorandum bearing the typewritten signature of Douglas D. Erickson, Vice President Partner Relations, Consumer Credit Counseling Service, in Atlanta, Georgia, stating that

> The cert ending in 90021 is apparently forged. I checked in three different internal systems and the EOUST [Executive Office of the United States Trustee] certificate system. We issued no cert with the numbers shown on that certification which appear to be 012790021. I also checked 002790021 and 072790021.

It is fundamental that all bankruptcy cases must be filed in good faith. The court should consider both the Debtor's prior conduct and his present circumstances. *In re Glenn*, 288 B.R. 516, 519-20 (Bankr. E. D. Tenn. 2002). "Multiple filings by a debtor are not, in and of themselves, improper[; however,] a history of multiple filings and dismissals can be construed as bad faith." *Id*. at 520. "[If] a debtor has flagrantly misused the bankruptcy process, the court may impose a bar on the ability of the debtor to re-file within a specific time period." *Id*.

Here, the Debtor has a history of multiple filings and dismissals, has failed to proceed with his present Chapter 13 case by commencing payments under his proposed plan, and has failed to appear and defend the Chapter 13 Trustee's Motion to Dismiss. While the record is not sufficient to allow the court to make a specific finding regarding the validity of the Certificate of Counseling filed by the Debtor on February 7, 2008, the authenticity of that document is clearly subject to question.

For the above reasons, the court directs the following:

1. The Chapter 13 Trustee's Motion to Dismiss is GRANTED and this Chapter 13 bankruptcy case is DISMISSED.

2.  The Debtor John William Stewart is BARRED from filing another bankruptcy petition under title 11 of the United States Code for a period of one year from the date of the entry of this Order.

3.  The clerk shall serve this Order on all parties in interest, including the United States Trustee.

4.  The unpaid filing fees totaling $274.00 are to be paid by the Debtor to the Clerk, U.S. Bankruptcy Court, Howard H. Baker, Jr. United States Courthouse, Suite 330, 800 Market Street, Knoxville, Tennessee 37902, by cash, certified check, cashiers check or money order within ten (10) days.

###